UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAYRA FARINA,

                      *Plaintiff,*

      -*against*-

THE NEW YORK AND PRESBYTERIAN HOSPITAL;
PETER GREEN, M.D.; JULIAN ABRAMS, M.D.; RIC
BARIBEAULT, CRNA; JOSEPH, RN (Fictitious
Name); JOHN SHORTALL; JOHN DOES 1-10
(Fictitious Names); and ABC CORPS 1-10 (Fictitious
Names),

                      *Defendants.*

Civil Action No.: 25-cv-5346-JPC

**STIPULATED
CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER**

---

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1.      With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2.      The Party or person producing or disclosing Discovery Material ("Producing Party") or the Party receiving Discovery Material may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a)     previously non-disclosed financial information;

(b)     previously non-disclosed confidential and proprietary business information;

(c)     any information of a personal or intimate nature regarding any individual;

(d)     "Protected Health Information" within the meaning of 45 C.F.R. § 164.501, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996, or any other information that must be kept confidential pursuant to any other applicable federal, state, or local law, which shall also be redacted;[1] or

(e)     any other category of information this Court subsequently affords confidential status.

---

[1] The Parties agree that any document containing Protected Health Information shall, if produced, have all Protected Health Information redacted. If any Party seeks leave to file a document containing redacted Protected Health Information pursuant to Rule 4(B) of the Court's Individual Rules and Practices in Civil Cases, the other Parties agree not to oppose such request to file the document in redacted form.

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by:  (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receipt of the deposition transcript, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.  During the 30-day period following the receipt of a deposition transcript by the deposed Party, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5.      If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing.  Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)      the Parties to this action, their insurers, and counsel to their insurers;

(b)      counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)      outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d)      any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)      any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has

first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)    any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)    stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)    this Court, including any appellate court, its support personnel, and court reporters.

8.    Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(c), 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.    Any party filing documents under seal or with redactions must comply with the appliable rules of this Court and any assigned judge.

10.    The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall comply with Rule 4(B) of the Court's Individual Rules and Practices in Civil Cases.

12.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement within five (5) business days, counsel for all affected Parties shall be free to address their dispute to this Court.

13.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request.  If the Parties cannot reach agreement within five (5) business days, counsel for all affected Parties shall be free to address their dispute to this Court.

14.     Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding.  Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15.     Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably

possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16.    Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.    Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof.  In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

18.    This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

19.    This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.


/s/ Adam C. Lease
Adam C. Lease, Esq.
Karpf, Karpf & Cerutti, P.C.
8 Interplex Drive
Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
*Attorneys for Plaintiff*

/s/ Matthew C. Berger
Amy J. Traub
Matthew C. Berger
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
(212) 589-4200
*Attorneys for Defendants The New York and Presbyterian Hospital, John Shortall and Ric Baribeault*

/s/ Russell E. Adler
Russell E. Adler, Esq.
Law Offices of Russell E. Adler PLLC
535 Fifth Avenue, 4th Floor
New York, New York 10017
(646) 504-3299
*Attorneys for Defendants*

Dated: February 11, 2026    *Dr. Green and Dr. Abrams*

New York, New York


SO ORDERED.
February 12, 2026

The Honorable John P. Cronan
United States District Judge

8